**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM T. KIRBY,

        Plaintiff,                      Case No. 09-14443
                                          Senior United States
v.                                    District Judge Arthur J. Tarnow

COMMISSIONER OF SOCIAL SECURITY,     Magistrate Judge Mona K. Majzoub

        Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [12], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [7], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [10]**

       Before the Court are Plaintiff's Motion for Summary Judgment [7], Plaintiff's Supplemental Brief [11], and Defendant's Motion for Summary Judgment [10]. On February 16, 2011, Magistrate Judge Majzoub issued a Report and Recommendation [12] recommending that the Plaintiff's motion be DENIED and that Defendant's motion be GRANTED. Plaintiff filed an Objection [13]. The Government filed a Response [14].

## INTRODUCTION

       This Social Security case arises out of a claim for disability insurance benefits by Plaintiff, William T. Kirby, who suffers from, *inter alia*, fibromyalgia and Chrohn's disease. The Administrative Law Judge (ALJ) found that despite severe impairments resulting from his condition, Plaintiff retains the residual functional capacity to perform a limited range of light work activity. The Appeals Council denied review of the ALJ's decision, and Plaintiff filed this civil action for judicial review of the denial of benefits on November 13, 2009. The parties filed motions for summary judgment.

       On February 16, 2011, Magistrate Judge Majzoub filed a Report and Recommendation (R&R) in this matter. The R&R recommends that Plaintiff's motion for summary judgment be denied and that Defendant's motion for summary judgment be granted because the ALJ's

Case No. 09-14443<br>Kirby v. Commissioner of Social Security

credibility finding and assessment of Plaintiff's pain were supported by substantial evidence.

Plaintiff filed an objection to the Magistrate Judge's R&R. Plaintiff's objection states that both the ALJ's decision and the R&R failed to apply the appropriate legal standard when reviewing his matter. This Court disagrees and adopts the R&R for the reasons set forth below.

## ANALYSIS

First,

> [t]he scope of judicial review is limited to determining whether the findings of fact made by the Secretary are supported by substantial evidence, and deciding whether the Secretary employed the proper legal criteria in reaching those findings.

*Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987) (citing *Gibson v. Sec'y of Health, Educ. & Welfare*, 678 F.2d 653 (6th Cir.1982)).

Substantial evidence is more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court does not have the authority to reweigh factual evidence or decide issues of credibility. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992); *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (internal citation omitted). The Court must affirm an ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Plaintiff objects that the evidence of his gastrointestinal impairments was not properly considered by the ALJ or the Magistrate Judge. On the contrary, the ALJ did consider the evidence but found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment . . . ." Tr. at 20. The ALJ went on to discuss specific reasons for the decision, citing claimant's testimony, including his ability to care for six of his minor children, ability to complete household chores, and ability to shop. *Id.* at 20-21. The ALJ did not discount the fact that Plaintiff is in pain and limited in some ways, but the ALJ found that

Case No. 09-14443
Kirby v. Commissioner of Social Security

he is not totally disabled from doing any kind of work. *Id.* at 21. The ALJ relied on objective evidence showing that Plaintiff's symptoms were getting better. *Id.* at 22.

Plaintiff also argues that Dr. King's opinion should have been given more weight. The ALJ considered Dr. King's opinion and specified why it was not considered very persuasive in light of Plaintiff's testimony and the objective evidence in the record. *Id.* at 21-22. The ALJ's decision was supported by substantial evidence. This Court does not have the authority to reweigh the evidence or make credibility determinations. Therefore, the ALJ's decision is affirmed.

## CONCLUSION

Based on the foregoing analysis, the Court hereby ADOPTS the Report and Recommendation [12] as the findings and conclusions of the Court. Therefore,

IT IS ORDERED that Plaintiff's Objection [13] is OVERRULED and Plaintiff's Motion for Summary Judgment [7] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [10] is GRANTED.

SO ORDERED.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES
DISTRICT JUDGE

Dated:  March 28, 2011

**Proof of Service**

The undersigned certifies that a copy of the Order was served on the attorneys of record herein by electronic means or U.S. Mail on **March 28, 2011**.

s/Kim Grimes
Acting in the absence of
Kim Grimes, Case Manager